ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LYNETTE TANKERSLEY EDEN, )
)
    Plaintiff, )
)
v. ) Case No. CV 605-43
)
CITIFINANCIAL AUTO, LTD., )
)
    Defendant. )

## ORDER

Plaintiff moves to amend her complaint under Federal Rule of Civil Procedure 15(a) in order to allege a class action under Federal Rule of Civil Procedure 23. Doc. 15. Defendant opposes the motion on the ground that the alleged class action fails to state a claim upon which relief may be granted. Doc. 16. For the reasons stated below, plaintiff's motion is **DENIED**.

Under the Federal Rules of Civil Procedure, once a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or consent of the adverse party[,] and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In the absence of undue delay, bad faith, undue prejudice, or the futility of the amendment, courts have little discretion to deny leave to amend under the liberal

policies of the Federal Rules. Foman v. Davis, 371 U.S. 178, 182 (1962); Thomas v. Town of Davie, 847 F.2d 771, 774 (11th Cir. 1988). As a general matter, "leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Taylor v. Fla. State Fair Auth., 875 F.Supp. 812, 815 (M.D. Fla. 1995) (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)). However, when new claims involve the potential for a complex factual inquiry, the claims will not be deemed clearly insufficient on their face, mandating leave to amend. Id.

Even where, as here, a defendant opposing a motion to amend a complaint establishes the likely futility of the proposed amendment, the Court retains considerable discretion in deciding whether to grant or deny leave to amend. In other words, a Court *may*, but is not required, to deny leave to amend even where a proposed amendment appears to be futile. See Hall v. United Ins. Co., 367 F.3d 1255, 1262 (11th Cir. 2004) ("Under Foman . . . a district court *may* properly deny leave to amend . . . when such an amendment would be futile." (emphasis added)).

In this case, plaintiff's proposed class action directly mirrors Counts

2

One and Two of plaintiff's original complaint. Doc. 1. Defendant has yet to seek the dismissal of those claims through a motion for summary judgment or other dispositive motion, so the district judge has not yet been afforded an opportunity to address the merits of those claims. Because the underlying basis for both plaintiff's proposed class action and Counts One and Two is the alleged insufficiency of the notice defendant provided to plaintiff pertaining to the repossession of her automobile, and because defendant has raised serious questions about the legal merits of this claim that have yet to be considered by the district judge, the Court will deny leave to amend *at this time* but will reconsider the issue once the legal basis of plaintiff's existing claims have been tested after the further progress of this case. If defendant is unsuccessful in establishing the legal insufficiency of Counts One and Two of plaintiff's complaint, the Court will then grant plaintiff leave to amend her complaint to assert the class claims.

Accordingly, plaintiff's motion to amend her complaint is DENIED at this time.

**SO ORDERED this 22nd day of August, 2005.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

Bowers
Brannon
Droze
Loeffler

CASE NO: CV605-43

DATE SERVED: 8/23/05

SERVED BY: bcw

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate