ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA,
STATESBORO DIVISION

2005 NOV 23 PH 2: 09

CLERK _____

_____ OF GA.

LYNETTE TANKERSLEY EDEN,        )
                               )
        Plaintiff,             )
                               )
vs.                            )     Case No. CV605-043
                               )
CITIFINANCIAL AUTO,            )
LTD.,                          )
                               )
        Defendant.             )

Motion For Summary Judgment

The plaintiff moves for summary judgment on her claim for violation of the Uniform Commercial Code, on her claim for violation of the Motor Vehicle Sales Finance Act, and on the defendant's counterclaim.

The basis of the claim under the Uniform Commercial Code is that the defendant did not give the plaintiff the post-repossession notices required by that legislation, so the plaintiff is entitled to statutory damages.

The basis of the claim under the Motor Vehicle Sales Finance Act is that the defendant did not give the plaintiff the post-repossession notices required by that legislation, so she is entitled to statutory damages.

The basis of the defense to the counterclaim is that the failure to provide the Motor Vehicle Sales Finance Act not-

ices is an absolute bar to the recovery of a deficiency.

CHARLES BRANNON
ATTORNEY FOR PLAINTIFF
    LYNETTE TANKERSLEY EDEN

103 Valley Road, #31
Statesboro, Georgia   30458-4759
912-489-6830

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA,
STATESBORO DIVISION

LYNETTE TANKERSLEY EDEN,          )
                                  )
        Plaintiff,                )
                                  )
vs.                               )      Case No. CV605-043
                                  )
CITIFINANCIAL AUTO,               )
LTD.,                             )
                                  )
        Defendant.                )

Statement Of Undisputed Material Facts

1.

The defendant financed the purchase of a car in Georgia
by Ms. Eden.  (CITI 0018 and CITI 0019, attached)

2.

The cash price for the car was $12,788.63.  (CITI 0018,
attached)

3.

The "time price differential" between the cash price
and the amount actually to be repaid under the loan was
$4164.59.  (CITI 0018, attached)

4.

The defendant repossessed the car in Georgia on Decem-
ber 3, 2003 after default.  (Affidavit, attached)

5.

The defendant thereafter did not notify Ms. Eden of the
method of intended disposition, that she was entitled to an ac-
counting of the unpaid indebtedness, of the time and place of a

public disposition nor the time after which any other disposi-
tion was to be made, of a description of any liability of her
for a deficiency, of a telephone number from which the amount
that must be paid to redeem the collateral was available, nor of
a telephone number nor a mailing address from which additional
information concerning the disposition and the obligation sec-
ured was available.  (Affidavit, attached)

6.

The defendant did not within ten days of repossession,
nor at any other time, forward to Ms. Eden by certified nor reg-
istered mail nor "statutory overnight delivery" notice of its
intention to pursue a deficiency claim against her, of her
rights of redemption, nor of her right to demand a public sale
of the repossessed car.  (Affidavit, attached)

7.

The defendant disposed of the car by private sale and
pursued a deficiency claim against Ms. Eden.  (Counterclaim,
Doc. 3)

_____
CHARLES BRANNON
ATTORNEY FOR PLAINTIFF
LYNETTE TANKERSLEY EDEN

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA,
STATESBORO DIVISION

LYNETTE TANKERSLEY EDEN,          )
                                  )
        Plaintiff,                )
                                  )
vs.                               )     Case No. CV605-043
                                  )
CITIFINANCIAL AUTO,               )
LTD.,                             )
                                  )
        Defendant.                )


Brief In Support Of Motion For Summary Judgment


I.   Uniform Commercial Code

  A.   THE DEFENDANT VIOLATED THE UNIFORM COMMERCIAL CODE.

        The Uniform Commercial Code requires a repossessing
creditor to notify a borrower of certain of her rights before
disposing of collateral.

        "After default, a secured party may sell . . . the
collateral . . ."  OFFICIAL CODE OF GA. ANN. §11-9-610(a).

        A "secured party that disposes of collateral under
Code Section 11-9-610 shall send to the persons specified in
subsection (c) of this Code section a reasonable authenticated
notice of disposition."  OFFICIAL CODE OF GA. ANN.
§11-9-611(b).

        "To comply with subsection (b) of this Code section,
the secured party shall send an authenticated notification of
disposition to [t]he debtor . . ."  OFFICIAL CODE OF GA. ANN.

§11-9-611(c).

The contents of a notification of disposition are
sufficient if the notification:

(A) Describes the debtor and the secured party;

(B) Describes the collateral that is the subject
of the intended disposition;

(C) States the method of intended disposition;

(D) States that the debtor is entitled to an ac-
counting of the unpaid indebtedness and states
the charge, if any, for an accounting; and

(E) States the time and place of a public dispos-
ition or the time after which any other disposi-
tion is to be made . . .

OFFICIAL CODE OF GA. ANN. §11-9-613(1).

In a consumer goods transaction, the following
rules apply:

(1) A notification of disposition must provide
the following information:

(A) The information specified in paragraph (1) of
Code Section 11-9-613;

(B) A description of any liability for a defic-
iency of the person to which the notification is
sent;

(C) A telephone number from which the amount that
must be paid to the secured party to redeem the
collateral under Code Section 11-9-623 is avail-
able; and

(D) A telephone number or mailing address from
which additional information concerning the dis-
position and the obligation secured is availa-
ble . . .

OFFICIAL CODE OF GA. ANN. §11-9-614.

A passenger vehicle is a consumer good.  Ogletree vs.

-6-

Brokers South, Inc., 192 Ga. App. 53, 383 S.E. 2d 900 (1989); Georgia Central Credit Union vs. Coleman, 155 Ga. App. 547, 550, 551, 271 S.E. 2d 681, 684 (1980) ("[T]he security agreement covering the 1972 automobile . . . could only authorize a finding that the collateral is consumer goods.")

The defendant did not give post-repossession notification, so Ms. Eden is owed statutory damages.

B.   THE DAMAGES ARE STATUTORY.

> If the collateral is consumer goods, a person that was a debtor . . . at the time a secured party failed to comply with this part may recover for that failure in any event an amount not less than the credit service charge plus 10 percent of the principal amount of the obligation or the time price differential plus 10 percent of the cash price.

OFFICIAL CODE OF GA. ANN. §11-9-625(c)(2).

Failure to give post-repossession notification entitles a borrower to these damages.  Ogletree vs. Brokers South, Inc., 192 Ga. App. 53, 383 S.E. 2d 900 (1989).

The "time price differential" is $4164.59.  Ten per cent of the cash price is $1278.86.

The defendant owes Ms. Eden $5443.45 for its Uniform Commercial Code violation.

II.  Motor Vehicle Sales Finance Act

A.  THE DEFENDANT ALSO VIOLATED THE MOTOR VEHICLE SALES FIN-
    ANCE ACT.

        The Motor Vehicle Sales Finance Act requires a repos-

sessing creditor in Georgia to notify a borrower of certain

other of her rights after repossession of a car.

> When any motor vehicle has been repossessed after def-
> ault in accordance with Part 5 of Article 9 of Title
> 11, the seller or holder shall not be entitled to re-
> cover a deficiency against the buyer unless within ten
> days after the repossession he forwards by registered
> or certified mail or statutory overnight delivery to
> the address of the buyer shown on the contract or lat-
> er designated by the buyer a notice of the seller's or
> holder's intention to pursue a deficiency claim ag-
> ainst the buyer.  The notice shall also advise the
> buyer of his rights of redemption, as well as his
> right to demand a public sale of the repossessed motor
> vehicle.

OFFICIAL CODE OF GA. ANN. §10-1-36.

        The defendant did not give this notification either,

so Ms. Eden is entitled to additional statutory damages.

B.  THESE DAMAGES ARE ALSO COMPUTED BY A STATUTORY FORMULA.

> In case of a willful violation of this article with
> respect to any transaction, the buyer in such transac-
> tion may recover from the person committing the viol-
> ation . . . a minimum of $100.00 or double the time
> price differential and any delinquency charge and any
> attorneys' fees and court costs charged and paid with
> respect to such transaction, but the seller may recov-
> er from the buyer an amount equal to the cash price of
> the goods or servies in such transaction . . .

OFFICIAL CODE OF GA. ANN. §10-1-38(c).

        The defendant did not notify Ms. Eden that it intended

to pursue a deficiency, so the set-off provision does not ap-
ly. OFFICIAL CODE OF GA. ANN. §10-1-36.

The "time price differential" is $4164.59. The defendant
owes Ms. Eden double that, $8329.18, for violation of the Motor
Vehicle Sales Finance Act.

III. The Counterclaim

The defendant did not notify Ms. Eden that it intended
to pursue a deficiency, so "it shall not be entitled to recover
a deficiency against the buyer . . ." OFFICIAL CODE OF GA.
ANN. §10-1-36.

Ms. Eden gave the defendant a security interest in a
car. The defendant repossessed and resold the car. After the
repossession and the resale, there was a deficiency. These
facts activate that provision of the Motor Vehicle Sales Fin-
ance Act which imposes a condition precedent prior to the pros-
ecution of an action for a deficiency. The defendant did not
give Ms. Eden the mandatory notice of its intent to pursue a
deficiency, so it loses the counterclaim. In order to make out
even a prima facie case, it has to prove the occurrence of this
condition precedent contained in the statute.

The statute seems clear. The appellate decisions con-
firm a clear reading of the statute:

The clearest statement that the statute should be ap-
plied just as written is the opinion where the Georgia Court of

-9-

Appeals

> held that secured party's failure to comply with not-
> ice requirement barred recovery of deficiency judg-
> ment . . . [T]he provisions of OCGA §10-1-36 are
> subject to but one construction . . . OCGA §10-1-36
> <u>does</u> specifically provide that a lack of notice bars
> a recovery of a deficiency judgment. OCGA §10-1-36,
> according to its terms, "is cumulative of Part 5 of
> Article 9 of Title 11 [the Uniform Commercial Code]
> and provides cumulative additional rights and remedies
> which must be fulfilled before any deficiency claim
> will lie against a buyer . . ."

<u>Bryant International, Inc. vs. Crane</u>, 188 Ga. App. 736, 374

S.E. 2d 228, 229 (1988) (emphasis original).

The trial court granted summary judgment to the bor-

rower on this basis. The Court of Appeals affirmed. Accord,

<u>Rowe Chevrolet vs. Walls</u>, 201 Ga. App. 822, 412 S.E. 2d 603

(1991); <u>Sikes & Swanson Pontiac-G.M.C. Truck, Inc. vs. Can-</u>

<u>trell</u>, 194 Ga. App. 818, 392 S.E. 2d 36 (1990); <u>Whatley vs.</u>

<u>Bank South Corp.</u>, 185 Ga. App. 896, 366 S.E. 2d 182 (1988);

<u>Doughty vs. Associates Commercial Corp.</u>, 152 Ga. App. 575, 263

S.E. 2d 493 (1979); <u>In re: Chambliss</u>, 315 B.R. 166 (Bankr.

S.D. Ga. 2004); <u>In re: Dyches</u>, 287 B.R. 298 (Bankr. S.D. Ga.

2002).

This is "an absolute bar". <u>Bryant International, Inc. vs.</u>

<u>Crane</u>, 188 Ga. App. 736, 374 S.E. 2d 228, 229 (1988). I find

no exception whatever in any of the appellate decisions in

Georgia, nothing that suggests or hints at an exception. Noth-

ing allows the lender to circumvent the notice requirement.

The lender's compliance with the notice requirement in the

-10-

Motor Vehicle Sales Finance Act is "a condition precedent to
recovery", Doughty vs. Associates Commercial Corp., 152 Ga.
App. 575, 263 S.E. 2d 493 (1979), so the burden of proof is on
the lender.

When the lender neglects to forward notice, the bar is ap-
plied summarily.  In Bryant International, Inc. vs. Crane, 188
Ga. App. 736, 374 S.E. 2d 228 (1988) and again in Sikes & Swan-
son Pontiac-G.M.C. Truck, Inc., 194 Ga. App. 818, 392 S.E. 2d
36 (1990), the Georgia Court of Appeals affirmed the trial
court's grant of summary judgment to the borrower.  In Whatley
vs. Bank South Corp., 185 Ga. App. 896, 366 S.E. 2d 182 (1988),
the Georgia Court of Appeals affirmed the trial court's grant
of directed verdict to the borrower.  In In re: Dyches, 287
B.R. 298 (Bankr. S.D. Ga. 2002) the bankruptcy court disallowed
the deficiency claim in response to a motion and in In re:
Lease Purchase Corp., WL 16005421 (Bankr. S.D. Ga. 1994), sum-
marily in a pretrial order.


IV.  Conclusion

The defendant violated the Uniform Commercial Code, so Ms.
Eden is entitled to judgment for $5443.45.

The defendant violated the Motor Vehicle Sales Finance
Act, so Ms. Eden is entitled to judgment for $8329.18.

The defendant did not give Ms. Eden notice of its intent to pursue a deficiency, so Ms. Eden is entitled to judgment on the defendant's counterclaim.

CHARLES BRANNON
ATTORNEY FOR PLAINTIFF
LYNETTE TANKERSLEY EDEN


103 Valley Road, #31
Statesboro, Georgia   30458-4759
912-489-6830

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA,
STATESBORO DIVISION

LYNETTE TANKERSLEY EDEN,      )
                              )
        Plaintiff,            )
                              )
vs.                           )    Case No. CV605-043
                              )
CITIFINANCIAL AUTO,           )
LTD.,                         )
                              )
        Defendant.            )

### Affidavit Of Lynette Tankersley Eden

Lynette Tankersley Eden appeared before the under-signed notary public, who knows and can identify her, was sworn under oath to speak the truth and gave the following testimony:

1.

I am of legal age and otherwise competent to testify in a court of law and testify entirely of my own personal knowledge.

2.

I am the plaintiff in this civil action.

3.

On March 7, 2002, my son Ramsey H. Eden and I bought a car.

4.

Arcadia Financial, Ltd. financed the purchase.

-13-

5.

The attached document, marked "CITI 0018" and "CITI 0019", is the contract for the purchase of the car and for the loan.

6.

I am informed that Arcadia Financial, Ltd. repossessed the car from my son's possession on December 3, 2003.

7.

I did not receive correspondence from Arcadia Financial, Ltd. nor Citifinancial Auto, Ltd., whether by certified mail, overnight delivery nor otherwise, mailed within ten days of December 3, 2003.

8.

I have never received correspondence from Arcadia Fincial, Ltd. nor Citifinancial Auto, Ltd. by certified mail nor overnight delivery.

9.

I did not receive correspondence of any kind from Arcadia Financial, Ltd. nor Citifinancial Auto, Ltd. for at least three months after December 3, 2003.

10.

Neither Arcadia Financial, Ltd. nor Citifinancial Auto, Ltd. informed me that I was entitled to an accounting of the debt, that it intended to sell the car, of the method by which it intended to sell the car, of the time after which the

-14-

sale was to be made, that I had the right to demand a public
sale of the car, that I had the right to redeem the car, of a
telephone number from which I could have learned the amount to
be paid to redeem the car nor of either a telephone number or a
mailing address from which additional information was availa-
ble.

11.

Neither Arcadia Financial, Ltd. nor Citifinancial
Auto, Ltd. informed me that it intended to pursue a deficiency
on the loan and the repossession until I received a letter from
Arcadia Financial, Ltd. dated March 24, 2004.

LYNETTE TANKERSLEY EDEN

Sworn to and subscribed before me this 21st day of
November, 2005.

CHARLES BRANNON
Notary Public
Bulloch County, Georgia
My commission expires
August 24, 2008.

-15-

| RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT | Seller CHATHAM PARKWAY TOYOTA 7 PARK OF COMMERCE WAY SAVANNAH GA 31405 "We" and "us" mean the Seller above, its accessors and assigns. | Buyer LYNETTE T EDEN RAMSEY EDEN 294 MIMOSA ST RICHMOND HILL GA 31324 "You" and "your" mean each buyer above, and guarantor, jointly and individually. |
|---|---|---|
| No. 2355321 | | |
| Date MARCH 7th, 2002 | | |

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year 1998  Make TOYOTA  Model COROLLA | VIN 2T1BR12E2WC042388  Lic. No./Year ☐ New ☒ Used | Other: |
|---|---|---|---|

Description of Trade-In 1991 HONDA ACCORD 1HGCB7156MA000670

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 11789.41 , plus finance charges accruing on the unpaid balance at the rate of 12.49 % per year from today's date until maturity. Finance charges accrue on a 365 day basis. After maturity, or after you default and we demand payment, we will earn finance charges on the unpaid balance at 12.49 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.
☐ **ADDITIONAL FINANCE CHARGE:** You agree to pay an additional, nonrefundable finance charge of $ N/A that will be
☐ paid in cash. ☐ added to the Cash Price. ☐ paid proportionally with each payment.
☐ **MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ N/A if you pay this Contract in full before we have earned that much in finance charges.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 1798.22 |
|---|---|---|---|---|
| 12.49 % | $ 4164.59 | $ 11789.41 | $ 15954.00 | $ 17752.22 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 265.90 | MONTHLY, BEGINNING: APRIL 15th, 2002 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.
☒ **Late Charge:** If a payment is more than 10 days late, you will be charged THE LESSOR OF $50.00 OR 5% OF PMT DUE

**Prepayment:** If you pay off this Contract early, you ☐ may ☐ will not have to pay a Minimum Finance Charge.
☐ If you pay off this Contract early, you will not be entitled to a refund of part of the Additional Finance Charge.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

Credit Life: Insured _____
☐ Single ☐ Joint  Prem. $ N/A  Term N/A

Credit Disability: Insured _____
☐ Single ☐ Joint  Prem. $ N/A  Term N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

Buyer _____ d/o/b   Buyer _____ d/o/b

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A . If you get insurance from or through us you will pay $ N/A for N/A of coverage.

This premium is calculated as follows:
☐ $ N/A Deductible, Collision Coverage $ N/A
☐ $ N/A Deductible, Comprehensive Cov. $ N/A
☐ Fire-Theft and Combined Additional Coverage $ N/A
☐ _____ $ N/A

Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.

☒ SERVICE CONTRACT: With your purchase of the Vehicle, you agree to purchase a Service Contract to cover 72 MONTHS/100000 MILES
This Service Contract will be in effect for 72 MOS./100000 MILES

**ITEMIZATION OF AMOUNT FINANCED**

Vehicle Price (incl. sales tax of $ 555.63 ) $ 12190.63
Service Contract, Paid to: FMS $ 588.00
Amount to Finance line e. (if e. is negative) $ N/A
Cash Price $ 12778.63
Manufacturer's Rebate $ N/A
Cash Down Payment $ 1000.00
Deferred Down Payment $ N/A
  a. Total Cash/Rebate Down $ 1000.00
b. Trade-In Allowance $ 3385.00
c. Less: Amount owing $ 2586.78
  Paid to: WACHOVIA
  d. Net Trade-In (b. minus c.) $ 798.22
  e. Net Cash/Trade-In (a. plus d.) $ 1798.22
Down Payment (e.; disclose as $0 if negative) $ 1798.22
  Unpaid Balance of Cash Price $ 10972.41
Paid to Public Officials - Filing Fees TAG/HWY/TL $ 18.00
Insurance Premiums* $ N/A
Additional Finance Charge(s) Paid to Seller $ N/A
To: JM&A $ 500.00
To: CHATHAM PARKWAY TOYOTA* $ 299.00
To: _____ $ N/A
To: _____ $ N/A
Total Other Charges/Amounts Pd. to Others $ 817.00
  Less: Prepaid Finance Charges $ N/A
  Amount Financed $ 11789.41
*We may retain or receive a portion of this amount.

**NOTICE TO BUYER**
Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.

**BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.**

Buyer Signature _Lynette Eden_ LYNETTE T EDEN   Date 03/07/2002

Signature _Ramsey Eden_ RAMSEY EDEN   Date 03/07/2002

Seller By _____

**ASSIGNMENT:** This Contract and Security Agreement is assigned to ARCADIA FINANCIAL LTD. the Assignee, phone (888)778-7752 . This assignment is made ☐ under the terms of a separate agreement. ☐ under the terms of the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse.
Seller: By _____ on this 03/07/2002

GEORGIA RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

Express © 1992, 1995 Bankers Systems, Inc., St. Cloud, MN Form RS-SI-MV-GA 7/5/2000

MOTOR VEHICLE – NOT FOR MANUFACTURED HOMES

(page 1 of 2)

CITI 0018

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA,
STATESBORO DIVISION

LYNETTE TANKERSLEY EDEN,        )
                                )
        Plaintiff,              )
                                )
vs.                             )       Case No. CV605-043
                                )
CITIFINANCIAL AUTO,             )
LTD.,                           )
                                )
        Defendant.              )

CERTIFICATE OF SERVICE

    I, Charles W. Brannon, Jr., do hereby certify that I have
this day served the defendant Citifinancial Auto, Ltd. in this
matter with a copy of the attached by placing it with the United
States Postal Service with adequate first class postage thereon
and addressed as follows:

Mr. William Loeffler
Troutman, Sanders, L.L.P.
Suite 5200
Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2276

This _23rd_ day of _Nov._, 2005.

                                    _Charles Brannon_
                                    Charles W. Brannon, Jr.
                                    Attorney for plaintiff
                                       Lynette Tankersley Eden

-16-