IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA,
STATESBORO DIVISION

LYNETTE TANKERSLEY EDEN,       )
                               )
        Plaintiff,             )
                               )
vs.                            )    Case No. CV605-043
                               )
CITIFINANCIAL AUTO,            )
LTD.,                          )
                               )
        Defendant.             )

PLAINTIFF'S REPLY TO RESPONSE TO
MOTION FOR PARTIAL SUMMARY JUDGMENT

Background.  The creditor repossessed a car from Ms. Eden.
Georgia law requires certain post-repossession notices.  She
claims that it did not give these notices.  Its records say,
"letter sent 12/4 was returned destroyed may need to be recre-
ated if nec."  Ms. Eden sued for, among other things, statutory
damages under the Motor Vehicle Sales Finance Act and the Unif-
orm Commercial Code.  The creditor counterclaimed for a defic-
iency.  Ms. Eden moved for partial summary judgment on these
two claims and on the creditor's counterclaim.  The creditor
responded with a motion for summary judgment on all issues.
The response to the issues raised in Ms. Eden's motion was
(1) that a post-repossession notice was sent by certified mail,
(2) that the violation was not "willful" so that statutory dam-
ages cannot be assessed under the Motor Vehicle Sales Finance
Act, (3) that a repossession is not a "transaction" under the
Motor Vehicle Sales Finance Act, (4) that the failure to give
post-repossession notice does not activate the civil remedy un-

der the Motor Vehicle Sales Finance Act, and (5) that a one-year limitation for usury time-bars the claims.

Ms. Eden's motion for partial summary judgment is ready for adjudication.

Ms. Eden replies here only to the creditor's response to her motion for partial summary judgment. She does not here respond to the creditor's motion for summary judgment. That response is not yet due.

(1) <u>Evidence of notice.</u>  Evidence "that it was never received" is evidence that notice under the Motor Vehicle Sales Finance Act was not mailed.  <u>Pitts vs. Bank South Corp.</u>, 209 Ga. App. 124, 433 S.E. 2d 96, 97 (1993).

In the absence of admissible evidence that notice was mailed, evidence that notice was not received establishes conclusively that notice was not mailed.  Ms. Eden testified that she did not receive notice.  This evidence is not disputed. (Doc. 28, ¶¶ 7 - 11, pp. 14, 15; Lynette Eden deposition, p. 72, l. 22 - p. 73, l. 20, Exhibit 8).

CitiFinancial does not have a receipt or any other documentation from the United States Postal Service which would prove the deposit of certified mail.  Its only proffer that notice was posted is an affidavit from an employee in Colorado, but the notice was allegedly sent from an office in Charlotte, North Carolina.  (Doc. 32, Affidavit of Thomas Jacobs, Exhibit E).

The proffer in its entirety says,

> The next day, December 4, 2003, in compliance with
> O.C.G.A. §§ 11-9-611 and 10-1-36, CitiFinancial
> sent to Plaintiff and Ramsey Eden via Certified
> Mail, at their last known addresses, letters noti-
> fying them that CitiFinancial had the car, that
> CitiFinancial planned to sell the car at a private
> sale, the date of the proposed sale, that they had
> a right to request a public sale, that CitiFinanc-
> ial might seek from them the deficiency after the
> sale, and that they had a right to redeem the car
> prior to the sale.

(Doc. 32, Affidavit of Thomas Jacobs, ¶ 7, p. 3).

Is this sufficient?  Is it even admissible?

The proffer is without foundation.  It is unsupported.
It is conclusory.  It is a statement based only on the witness'
assumption.  Notice was allegedly mailed from an office located
at least a thousand miles distant from where the witness works.
He does not say how he purports to know that notice was sent.
The notice is not signed.  The witness does not say who genera-
ted nor sent the notice.  There is not testimony from anyone
with recollection of it.  There is not a United States Postal
Service receipt to prove posting of certified mail.  Even with-
out a receipt, the Postal Service could have within a year
tracked the letter by its certification number, but the notice
does not bear a certification number.  There is not evidence
that an envelope was correctly addressed.  There is not evid-
ence that proper postage was affixed.  There is not a record of
mailing.  There is not evidence of an office routine.  There is
not evidence of cross-checks to insure mailing.  Another notice

which the creditor claims was posted simultaneously was also not delivered.  (Doc. 32, Affidavit of Thomas Jacobs, Exhibit F; Ramsey Eden deposition, p. 52, l. 8 - p. 53, l. 5, Defendant's Exhibit 7).

In the absence of a witness with first-hand knowledge or corroborating documentation, the proffer could only be admissible as evidence "of the routine practice of an organization", but routine practice was not proved.  Federal Rule of Evidence 406.

"In order to raise the presumption of mailing, the evidence must consist of more than unsupported conclusory statements of an individual based on his assumption of how mail was handled in the normal course of business in his office."  In re:  East Coast Brokers and Packers, Inc., 961 F.2d 1543, 1545 (11th Cir. 1992)

Even applying the most forgiving rule of admissibility, a

> finding that clerical personnel performed their
> duties in properly posting the mail would be
> permissible only if there were clear testimony
> by the executive as to the customary practice
> in his office and his actions in compliance
> therewith.  The problem in this case, however,
> is that [defendant's] sole witness on this
> point, [Jacobs], proffered no description of
> the office practice from which a jury properly
> could determine whether his actions were in ac-
> cord with it.  He gave no indication as to who
> customarily did such basic acts as addressing,

sealing, and stamping the envelopes and whether
he could verify that [defendant] had done such
of those as was their customary duty . . .   His
conclusory statement that 'it went out in the
normal course of business in [the] office as
all mail does each day' is simply not enough.
'The essential elementary facts may be shown by
course of business properly proved, but an of-
fer of [such] proof . . . must be directed to
facts and not to mere conclusions . . .   While
the [defendant] may 'show the essential facts
constituting transmission by mail by showing
the course of business, it failed because
there is no evidence in the record as to what
this office routine may have been . . .   'That
may be rather technical but the [defendant] re-
lies upon a presumption which does not arise
unless the evidence itself discloses' the basic
facts underlying it.

Leasing Associates, Inc. vs. Slaughter & Son, Inc.. 450 F.2d

174, 180 (8th Cir. 1971).  See Citizens Bank and Trust Co. vs.

Allen, 43 F.2d 549 (4th Cir. 1930).

Georgia applies a rule of habit evidence entirely dif-

ferent from the Federal Rule, but Georgia also would not admit

Mr. Jacobs' testimony.  McKenzie vs. Jackson, 82 Ga. 80, 8 S.E.

77 (1888); Feinberg vs. Durga, 189 Ga. App. 733, 377 S.E. 2d

33 (1988); Sams vs. Gay, 161 Ga. App. 31, 288 S.E. 2d 822

(1982); Agnor, Agnor's Ga. Evidence, §10-18; Green, Ga. Law of

Evidence, §§ 67, 68.

More pertinent is the Georgia substantive law of the

quality of proof of certified mailing under the Motor Vehicle

Sales Finance Act.  In Pitts vs. Bank South Corp. in

support of its motion for summary judgment, the
bank attached a copy of a notice of reposses-

> sion sent to [the buyer] and the affidavit of its
> legal adjuster who testified that the notice was
> sent to [the buyer] via certified mail within ten
> days of the date of repossession . . . [T]he
> bank did not include a copy of the proof of mail-
> ing, i.e., the certified mail receipt. The post-
> al service receipt showing that the letter was
> mailed as required by the statute does not appear
> anywhere in the record.

The appellate court considered this state of the evidence to be

"absence of any proof that the notice was sent by certified

mail". 209 Ga. App. 124, 433 S.E. 2d 96, 97 (1993).

The federal tax code requires the Internal Revenue Ser-

vice to notify a taxpayer of a deficiency by certified mail.

As here, proof of actual receipt is not required. Certified

mail is proved by the appropriate Postal Service form. See

Wiley vs. United States, 20 F.3d 222 (6th Cir. 1994); Keado vs.

United States, 853 F.2d 1209 (5th Cir. 1988); United States vs.

Zolla, 724 F.2d 808 (9th Cir. 1984; Lindemood vs. Commissioner

of Internal Revenue, 566 F.2d 646 (9th Cir. 1977); United

States vs. Ahrends, 530 F.2d 781 (8th Cir. 1976).

Why would any legislature require posting, but not act-

ual receipt, by certified mail except to rely on the Postal

Service's record of having received the mail in order to prove

posting with the highest degree of confidence?

Even were the creditor's proffer admitted into evid-

ence, it does not prove a sufficient mailing. The creditor's

brief is silent about its own records. Those records say,

"letter sent 12/4 was returned destroyed may need to be recre-

ated if nec." (Requests for Admissions of Fact and Genuineness
of Documents, ¶¶ 8 and 9, p. 2, Exhibit CITI 0054, attached;
Defendant's Responses to Plaintiff's Requests for Admissions of
Fact and Genuineness of Documents, ¶¶ 8 and 9, p. 5, attached).

A notice of a sale of repossessed personalty by a sec-
ured party mailed to a debtor by certified mail but which was
returned to the secured party stamped postage due was insuffic-
ient to comply with the Uniform Commercial Code. Before a pre-
sumption arises that a letter has been received through the
mail, it must be shown that the letter was written, was proper-
ly addressed, contained the correct postage, and was duly
mailed. Edmondson vs. Air Service Co., 123 Ga. App. 263, 180
S.E. 2d 589 (1971).

(2) Willfulness. CitiFinancial did three things, the proof of
each of which is undisputed and each of which is "a willful vi-
olation". OFFICIAL CODE OF GA. ANN. §10-1-38(c):

1. CITIFINANCIAL DID NOT ATTEMPT TO RESEND THE CERTIFIED LET-
TER.

(Requests for Admissions of Fact and Genuineness of Documents,
¶¶ 8 and 9, p. 2, Exhibit CITI 0054, attached; Defendant's Res-
ponses to Plaintiff's Requests for Admissions of Fact and Genu-
ineness of Documents, ¶¶ 8 and 9, p. 5, attached).

2. CITIFINANCIAL UNLAWFULLY CLAIMED A DEFICIENCY.

The statute prohibits CitiFinancial to claim a defic-
iency:

-7-

> When any motor vehicle has been repossessed after def-
> ault in accordance with Part 5 of Article 9 of Title
> 11, the seller or holder shall not be entitled to re-
> cover a deficiency against the buyer unless within ten
> days after the repossession he forwards by registered
> or certified mail or statutory overnight delivery to
> the address of the buyer shown on the contract or lat-
> er designated by the buyer a notice of the seller's or
> holder's intention to pursue a deficiency claim ag-
> ainst the buyer.  The notice shall also advise the
> buyer of his rights of redemption, as well as his
> right to demand a public sale of the repossessed motor
> vehicle.

OFFICIAL CODE OF GA. ANN. §10-1-36.

CitiFinancial disregarded this prohibition "and pursued a deficiency claim against Ms. Eden".  (Doc. 28, p. 4, ¶ 7; Doc. 32, p. 4, ¶ 7).

It counterclaims for a deficiency.  (Doc. 3).

Each time CitiFinancial tried "to recover a deficiency against the buyer", it broke the law.  It committed a willful violation".  OFFICIAL CODE OF GA. ANN. §§10-1-36, 38(c).

3.  THE NOTICE FORM IS DEFICIENT AB INITIO.

CitiFinancial's notice form violates both the Motor Ve-hicle Sales Finance Act and the Uniform Commercial Code.  Even had the notice been sent and received by certified mail, Citi-Financial committed a violation.

The Motor Vehicle Sales Finance Act requires a repos-sessing creditor to give notice of "intention to pursue a def-iciency claim against the buyer".  OFFICIAL CODE OF GA. ANN. §10-1-36.

CitiFinancial says that it used a statutory form.  It

-8-

did not.  The U.C.C. statutory form says, "If we get less money than you owe, you (<u>will or will not, as applicable</u>) still owe us the difference."  OFFICIAL CODE OF GA. ANN. §10-9-614(3) (<u>emphasis original</u>).

What does CitiFinancial's form say?  "If we get less money than you owe, you may still owe us the difference." (Doc. 32, Exhibits E and F).

Their own characterization of the notice says "that CitiFinancial might seek from them the deficiency after the sale". (Doc. 32, Affidavit of Thomas Jacobs, ¶ 7, p. 3).

This does not state "intention to pursue a deficiency claim against the buyer", so CitiFinancial committed another "willful violation".  OFFICIAL CODE OF GA. ANN. §§10-1-36, 38(c).

The legislative intent of the Motor Vehicle Sales Finance Act is to protect the debtor by giving him notice within ten days of the repossession so that he might act to protect the loss of any rights he might have.  <u>Barnett vs. Trussell Ford, Inc.</u>, 129 Ga. App. 176, 198 S.E. 2d 903 (1973).

To suggest that the creditor might or might not pursue a deficiency lulls the buyer into activity in the hope that the deficiency "might" not be pursued.

*            *            *

In the context of state securities regulation legislation, the Georgia Supreme Court says, "the term 'willfully' re-

-9-

quires proof only that the defendant intended to commit the conduct which is violative of the Act." Cox vs. Garvin, 278 Ga. 903, 607 S.E. 2d 549, 550 (2005).

(3) Repossession as transaction. A repossession is a "transaction" because if a creditor violates the post-repossession notice requirements of the Motor Vehicle Sales Finance Act and if the violation is willful, the buyer may recover the civil remedy. Ogletree vs. Brokers South, Inc., 192 Ga. App. 53, 383 S.E. 2d 900 (1989).

(4) Availability of remedy. Ogletree vs. Brokers South, Inc., 192 Ga. App. 53, 383 S.E. 2d 900 (1989).

(5) Time bar. The only case cited by CitiFinancial in opposition to Ms. Eden's motion is Doyle vs. Southern Guaranty Corp., 795 F.2d 907 (11th Cir. 1986).

The case was a claim of a violation of the interest rate requirements of the Motor Vehicle Sales Finance Act. The Eleventh Circuit applied the Georgia one-year statute of limitation for usury.

Some Motor Vehicle Sales Finance Act case are usury cases. This one is not. CitiFinancial ackowledged this in its brief when it argued that a repossession is not a "transaction". "Being limited to 'transactions,' it is apparent that that provision applies only to violations of the MVSFA's fee and interest caps". (Doc. 33, p. 6).

The applicable limitation is twenty years for "actions

-10-

for the enforcement of rights accruing to individuals under statutes".  OFFICIAL CODE OF GA. ANN. §9-3-22.

Conclusion.  If the Court agrees that there is not evidence that CitiFinancial gave appropriate notice under the Uniform Commercial Code, Ms. Eden is entitled to $5443.45 and pre-judgment interest.

If the Court agrees that there is not evidence that CitiFinancial gave appropriate notice by certified mail under the Motor Vehicle Sales Finance Act, Ms. Eden is entitled to judgment on the counterclaim.

If the Court agrees that CitiFinancial willfully failed to give appropriate notice by certified mail or if the Court agrees that CitiFinancial's pursuit of a deficiency claim was a violation of the statute, Ms. Eden is entitled under the Motor Vehicle Sales Finance Act to $8329.18 and pre-judgment interest.

CHARLES BRANNON
ATTORNEY FOR PLAINTIFF
  LYNETTE TANKERSLEY EDEN
STATE BAR OF GEORGIA
  NUMBER 077450

103 Valley Road, #31
Statesboro, Georgia   30458-4759
912-489-6830

-11-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LYNETTE TANKERSLEY EDEN,       )
                               )
        Plaintiff,             )
                               )
vs.                            )       Case No. CV605-043
                               )
CITIFINANCIAL AUTO,            )
LTD.,                          )
                               )
        Defendant.             )

REQUESTS FOR ADMISSIONS OF FACT AND GENUINENESS OF DOCUMENTS

        The plaintiff requests the defendant to make within 30
days after service of these requests each of the following ad-
missions for the purpose of this action only and subject to any
pertinent objection to admissibility which may be interposed at
trial.   These requests are made under F.R.Civ.P. 34.

1.

That the cash price under both OFFICIAL CODE OF GA. ANN. §§10-1-
38 and 11-9-625 for the subject sale was $12,788.63.

2.

That the time price differential under both OFFICIAL CODE OF GA.
ANN. §§10-1-38 and 11-9-625 for the subject loan was $4164.59.

3.

That the attached document marked "P-1" is genuine.

4.

That the attached document marked "P-1" is the contract which is
the subject of this civil action.

*39*

5.

That the subject car was a "consumer good" under OFFICIAL CODE
OF GA. ANN. §11-9-625.

6.

That the notice mandated by OFFICIAL CODE OF GA. ANN. §10-1-36
was not delivered to the plaintiff.

7.

That the notice mandated by OFFICIAL CODE OF GA. ANN. §§11-9-
611, 614 was not delivered to the plaintiff.

8.

That the attached document marked "CITI 0054" is genuine.

9.

That the attached document marked "CITI 0054" is an entry made
by the defendant as a memorandum of an occurrence in the regular
course of the defendant's business, and it was the regular
course of the defendant's business to make the memorandum at the
time of the occurrence.

10.

That the attached document marked "CITI 0054" records that the
Postal Service returned the defendant's attempt to comply with
OFFICIAL CODE OF GA. ANN. §§10-1-36 and 11-9-611, 614 to the de-
fendant and did not deliver the attempt to the plaintiff.

28.

That the defendant hired Dynamic Recovery Services, Inc. to attempt to collect the defendant's purported claim from the plaintiff.

29.

That Dynamic Recovery Services, Inc. was a "debt collector" under 15 U.S.C.A. §1692(a)(6) in regard to its actions pertinent to this civil action.

30.

That Dynamic Recovery Services, Inc. acted as the defendant's agent when it contacted the plaintiff.

31.

That Dynamic Recovery Services, Inc. contacted the plaintiff August 9, 2004.

32.

That the attached document marked "P-6" is genuine.

33.

That the sending of the attached document marked "P-6" violated the Fair Debt Collection Practices Act.

34.

That Dynamic Recovery Services, Inc. contacted the plaintiff October 5, 2004.

35.

That the attached document marked "P-7" is genuine.

36.

That the sending of the attached document marked "P-7" violated the Fair Debt Collection Practices Act.

37.

That the defendant hired Commercial Recovery Systems, Inc. to attempt to collect the defendant's purported claim from the plaintiff.

38.

That Commercial Recovery Systems, Inc. was a "debt collector" under 15 U.S.C.A. §1692a(6) in regard to its actions pertinent to this civil action.

39.

That Commercial Recovery Systems, Inc. was the defendant's agent for the purpose of attempting to collect the defendant's purported claim from the plaintiff.

40.

That Commercial Recovery Systems, Inc. contacted the plaintiff February 16, 2005.

41.

That the attached document marked "P-8" is genuine.

42.

That the sending of the attached document marked "P-8" violated the Fair Debt Collection Practices Act.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA,
STATESBORO DIVISION

LYNETTE TANKERSLEY EDEN,          )
                                  )
        Plaintiff,                )
                                  )
vs.                               )          Case No. CV605-043
                                  )
CITIFINANCIAL AUTO,               )
LTD.,                             )
                                  )
        Defendant.                )

CERTIFICATE OF SERVICE

I, Charles W. Brannon, Jr., do hereby certify that I have this day served the defendant Citifinancial Auto, Ltd. in this matter with a copy of the attached Requests for Admissions of Fact and Genuineness of Documents by placing it with the United States Postal Service with adequate first class postage thereon and addressed as follows:

Mr. William Loeffler
Troutman, Sanders, L.L.P.
Suite 5200
Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2276

This twenty-first day of September, 2005.

Charles W. Brannon
Attorney for plaintiff
Lynette Tankersley Eden

-9-

| **RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT** | CHATHAM PARKWAY TOYOTA | YVETTE O. EDEN |
|---|---|---|
| No. | 7 PARK OF COMMERCE WAY | 294 MIMOSA ST |
| Date   MARCH 7th, 2002 | SAVANNAH GA 31405 | RICHMOND HILL GA 31324 |
| | "We" and "us" mean the Seller above, its successors and assigns. | "You" and "your" mean each Buyer above, and guarantor, jointly and individually. |

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year | 1998 | VIN | 2T1BR12E2WC042382 | Other: |
|---|---|---|---|---|---|
| | Make | TOYOTA | Lic. No./Year | | |
| | Model | COROLLA | ☐ New ☒ Used | | |

Description of Trade-In: 1991 HONDA ACCORD 1HGCB7156MA008678

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY and PAYMENT TERMS:** You promise to pay us the principal amount of $ ___11789.41___ , plus finance charges accruing on the unpaid balance at the rate of ___12.49___ % per year from today's date until maturity. Finance charges accrue on a ___365___ day basis. After maturity, or after you default and we demand payment, we will earn finance charges on the unpaid balance at ___12.49___ % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

☐ **ADDITIONAL FINANCE CHARGE:** You agree to pay an additional, nonrefundable finance charge of $ ___N/A___ that will be ☐ paid in cash. ☐ added to the Cash Price. ☐ paid proportionally with each payment.

☐ **MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ ___N/A___ if you pay this Contract in full before we have earned that much in finance charges.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

**TRUTH IN LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment as 1798.22 |
|---|---|---|---|---|
| 12.49 % | $ 4164.59 | $ 11789.41 | $ 15954.00 | $ 17752.22 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 265.90 | MONTHLY, BEGINNING APRIL 5th, 2002 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.

☐**Late Charge:** If a payment is more than ___10___ days late, you will be charged _____
THE LESSER OF $50.00 OR 5% OF PMT DUE

**Prepayment:** If you pay off this Contract early, you ☐ may ☐ will not have to pay a Minimum Finance Charge.
☐ If you pay off this Contract early, you will not be entitled to a refund of part of the Additional Finance Charge.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life:** Insured _____
☐ Single ☐ Joint  Prem. $ ___N/A___  Term ___N/A___
**Credit Disability:** Insured _____
☐ Single ☐ Joint  Prem. $ ___N/A___  Term ___N/A___

P-1. p.1

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined

**ITEMIZATION OF AMOUNT FINANCED**

| | | |
|---|---|---|
| Vehicle Price (incl. sales tax of $ 555.63) | $ | 12190.63 |
| Service Contract, Paid to: FWS | $ | 580.00 |
| Amount to Finance line e. (if e. is negative) | $ | N/A |
| | **Cash Price** $ | 12770.63 |
| Manufacturer's Rebate | $ N/A | |
| Cash Down Payment | $ 1000.00 | |
| Deferred Down Payment | $ N/A | |
| a. Total Cash/Rebate Down | $ | 1000.00 |
| b. Trade-In Allowance | $ 3385.00 | |
| c. Less: Amount owing | $ 2586.78 | |
| Paid to: WACHOVIA | | |
| d. Net Trade-In (b. minus c.) | $ | 798.22 |
| e. Net Cash/Trade-In (a. plus d.) | $ | 1798.22 |
| Down Payment (e.: disclose as $0 if negative) | | 1798.22 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 265.9█ | MONTHLY, BEGINNING: APRIL █th, 2002 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.

☒ **Late Charge:** If a payment is more than ___10___ days late, you will be charged _____ THE LESSOR OF $50.00 OR 5% OF PMT DUE

**Prepayment:** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.
☐ If you pay off this Contract early, you will not be entitled to a refund of part of the Additional Finance Charge.

**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life:** Insured _____
☐ Single ☐ Joint  Prem. $ ___N/A___ Term ___N/A___
**Credit Disability:** Insured _____
☐ Single ☐ Joint  Prem. $ ___N/A___ Term ___N/A___

# P-1, P-2

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

_____
Buyer          d/o/b   Buyer          d/o/b

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision insurance deductible may not exceed $ ___N/A___ . If you get insurance from or through us you will pay $ ___N/A___ for _____ _____ of coverage.

This premium is calculated as follows:
☐ $ ___N/A___ Deductible, Collision Coverage $ ___N/A___
☐ $ ___N/A___ Deductible, Comprehensive Cov. $ ___N/A___
☐ Fire-Theft and Combined Additional Coverage $ ___N/A___
☐ _____ $ ___N/A___

**Liability Insurance** coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.

☐ **SERVICE CONTRACT:** With your purchase of the Vehicle, you agree to purchase a Service Contract to cover _____ _____ This Service Contract will be in effect for _____

**ITEMIZATION OF AMOUNT FINANCED**

| | | |
|---|---|---|
| Vehicle Price (incl. sales tax of $ 595.63 ) $ | | 12190.63 |
| Service Contract, Paid to: FWS | * $ | 580.00 |
| Amount to Finance line e. (if e. is negative) | $ | N/A |
| **Cash Price** | $ | 12770.63 |
| Manufacturer's Rebate $ | N/A | |
| Cash Down Payment $ | 1000.00 | |
| Deferred Down Payment $ | N/A | |
| a. Total Cash/Rebate Down | $ | 1000.00 |
| b. Trade-In Allowance $ | 4595.00 | |
| c. Less: Amount owing $ | 4506.78 | |
| Paid to: WACHOVIA | | |
| d. Net Trade-In (b. minus c.) | $ | 98.22 |
| e. Net Cash/Trade-In (a. plus d.) | $ | 1098.22 |
| **Down Payment** (e.: disclose as $0 if negative) | $ | 1098.22 |
| **Unpaid Balance of Cash Price** | $ | 11672.41 |
| Paid to Public Officials - Filing Fees TAG/MV/DL | $ | 18.00 |
| Insurance Premiums* | $ | N/A |
| Additional Finance Charge(s), Paid to Seller | $ | N/A |
| To: JM&A | $ | 580.00 |
| To: CHATHAM PARKWAY TOYOTA* | $ | 299.00 |
| To: _____ | $ | N/A |
| To: _____ | $ | N/A |
| **Total Other Charges/Amounts Pd. to Others** | $ | 917.00 |
| Less: Prepaid Finance Charges | $ | N/A |
| **Amount Financed** | $ | 11789.41 |

*We may retain or receive a portion of this amount.

## NOTICE TO BUYER
**Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.**

## BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

Buyer: _____                               03/07/2002
Signature   LYNETTE T EDEN              Date

_____                               03/07/2002
Signature   RAMSEY EDEN               Date

Seller: By _____

**ASSIGNMENT:** This Contract and Security Agreement is assigned to WACHOVIA FINANCIAL LTD. _____ the Assignee, phone (800)778-7762 . This assignment is made ☐ under the terms of a separate agreement. ☐ under the terms of the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse.
Seller: By _____ Date 03/07/2002

**GEORGIA** RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

Experian™ © 1982, 1995 Bankers Systems, Inc., St. Cloud, MN Form RS-SI-MV-GA 7/5/2000

(page 1 of 2)

MOTOR VEHICLE – NOT FOR MANUFACTURED HOMES

```
IL1175R    DISPLAY              Arcadia Financial LTD              4/27/05
AA092216                     Display Account Comments              8:53:54
Account Nbr .   1071368301   Buyer  . :   LYNETTE T EDEN
Institution code       1     Co-buyer :   RUSSELL EDEN
```

| User ID | Create Date | App Id | |
|---------|-------------|--------|---|
| ARCOPS | 1/30/04 | CAC | CACS: Control Updated From 0 to 1 |
| ARCOPS | 1/23/04 | CAC | CACS: Control Updated From 0 to 1 |
| ARCOPS | 1/16/04 | CAC | CACS: Control Updated From 0 to 1 |
| ARCOPS | 1/09/04 | CAC | CACS: Control Updated From 0 to 1 |
| ARCOPS | 1/02/04 | CAC | CACS: Control Updated From 0 to 1 |
| ARCOPS | 12/26/03 | CAC | CACS: Control Updated From 0 to 1 |
| ARCOPS | 12/19/03 | CAC | CACS: Control Updated From 0 to 1 |
| CLUTEJ | 12/17/03 | TTL | *Please note letter sent 12/4 was returned destroyed may need to be recreated if nec. |
| PACKAK | 12/16/03 | COL | Received invoice on 12/15/03 from American Recovery & Inv. of Savannah invoice#2487 for involun repo & fuel $315 |
| STUBBL | 12/15/03 | CA | 16:55 RA OT RECEIVED INVOICE #118567 FROM GLOBAL INFORMATION GROUP, |

```
                                                              More...

F3=Exit  F6=New Comment  F8=Customer Info  F10=Print  F12=Previous
```

CITI 0054



# ARCADIA FINANCIAL LTD

Arcadia Financial Ltd.,
5715 Old Shakopee Road,
Bloomington, MN 55437

March 17, 2004

Lynette T Eden
103 Valley Rd Apt 55
Statesboro, GA 30458-4763

P-2

Re: Account # 1071368301

Dear Lynette

We have sold the collateral securing the payment of the referenced account. This letter provides an explanation of the calculation of the surplus or deficiency on the account resulting from such sale. If the sale resulted in a surplus on your account, the surplus will be paid to you unless we are required to pay it to someone else. If the sale resulted in a deficiency on the account, you may be liable for the deficiency. The calculation is as follows:

Aggregate amount of obligations secured by the collateral as of March 10, 2004...........................$  9,785.61
(This amount includes a refund of any unearned finance charges)
Less: amount of proceeds of the disposition ................................................................ - $  3,700.00
Aggregate debt after deduction of sales proceeds ......................................................... $  6,085.61
Plus: Amount of expenses, if any, incurred for repossessing, holding, preparing for disposition,
processing, and disposing of the Collateral and, if allowed by law, attorneys fees ..................... + $  802.33
Less: Amount of credits you are known to be entitled to .................................................. - $

Amount of deficiency on the account ......................................................................$  6,887.94

Amount of surplus on the account .........................................................................$   .00

Future debits, credits, charges, including additional credits service charges or interest, rebates, refunds and expenses may affect the amount of the surplus or deficiency.

You may obtain additional information by contacting us at (877) 200-8555.

TO THE EXTENT YOUR OBLIGATION TO PAY THE DEFICIENCY ON THE ACCOUNT HAS BEEN DISCHARGED IN BANKRUPTCY, OR IS SUBJECT TO AN AUTOMATIC STAY UNDER TITLE 11 OF THE UNITED STATES CODE, THIS EXPLANATION IS BEING SENT TO YOU FOR COMPLIANCE AND INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT THE DEFICIENCY.

Except as provided in the preceding paragraph, this explanation is also an attempt to collect a debt if a deficiency exists on the account and all information obtained from you will be used for that purpose.

Sincerely,

ARCADIA FINANCIAL LTD.

TO:        Arcadia Recovery
           Attention: Steven Caldis
           P.O. Box 1100
           Minneapolis, Minnesota 55410-1100

Re:        May 19, 2004 Letter From Steven Caldis
           Account # 10713683010000000000


Please refer this letter and all future correspondence to:

           Charles W. Brannon, Esquire
           103 Valley Road #31
           Statesboro, Georgia 30458

P-3

103 Valley Road
Unit 31
Statesboro, Georgia   30458-4759
June 30, 2004


Steven Caldis
Arcadia Financial, Ltd.
P.O. Box 1100
Minneapolis, Minnesota   55440-1100


Re:  Account Number 1071368301

Dear Sir:

     Twice prior to and a third time on April 17, 2004 you
corresponded with Ms. Lynette T. Eden, in each corespondence
saying, "If you have an attorney representing you in this matter,
please refer this letter to your attorney and provide us with
his/her name address and telephone number."

     I replied immediately to this third letter.  Subsequently
on May 19, 2004 and again on June 3, 2004, you contacted Ms.
Eden directly.

                         Respectfully yours,


                         Charles W. Brannon, Jr.


P-4

103 Valley Road
Unit 31
Statesboro, Georgia   30458-4759
July 8, 2004

Steven Caldis
Arcadia Financial, Ltd.
P.O. Box 1100
Minneapolis, Minnesota   55440-1100

Re:  Account Number 1071368301

Dear Sir:

    You have now on four separate occasions corresponded with
Ms. Lynette T. Eden, each time writing, "If you have an attor-
ney representing you in this matter, please refer this letter
to your attorney and provide us with his/her name, address
and telephone number," and I have now three times responded
to your request in writing.

                         Respectfully yours,


                         Charles W. Brannon, Jr.


cc:  Ms. Lynette Tankersley Eden




P-5



# DYNAMIC RECOVERY SERVICES
**2775 VILLA CREEK STE 290**
**DALLAS, TEXAS 75234**
**972-241-5611**
**1-800-886-8088**

Account Number: 5152110

08/09/2004

*****AUTO**MIXED AADC 750  4  1  910
LYNETTE EDEN    5152110
103 VALLEY RD APT 55
STATESBORO, GA  30458-4763
ԱԱԱլԱԱԱԱԱԱԱԱԱԱ

P-6

## IMPORTANT NOTICE
## PLEASE RESPOND

### 08/09/2004

The listed creditor has referred your account to DYNAMIC RECOVERY SERVICES, INC. for handling.  Upon receiving this formal notice, demand is hereby served upon you for payment in the amount shown below.  If you have any questions, call 1-800-886-8088 IMMEDIATELY.

LYNETTE EDEN
103 VALLEY RD APT 55
STATESBORO, GA  30458-4763

Creditor's Statement
RE:  ARCADIA DEFICIENCY PRIME
ACCOUNT: 10713683010000000000
CASE #:  5152110
BALANCE: $7,415.73

### NOTICE
"This is an attempt to collect a debt.  Any information obtained will be used for that purpose."

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request from this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.  This is a communication from a debt collector.
 PD1 08/09/2004

### PLEASE DETACH AND RETURN THIS PORTION WITH PAYMENT



RE:  ARCADIA DEFICIENCY PRIME
TOTAL NOW DUE: $7,415.73
CASE #:  5152110

Name: _____

Address: _____

_____

Telephone: (_____) _____-_____

LYNETTE EDEN  5152110
103 VALLEY RD APT 55
STATESBORO, GA 30458-4763

DYNAMIC RECOVERY SERVICES, INC.
P.O. BOX 815808
DALLAS, TX  75381-5808
ԱԱԱԱԱԱԱԱԱԱԱԱ

PD1 (08/09/2004)



**DYNAMIC RECOVERY SERVICES**
**2775 VILLA CREEK STE 290**
**DALLAS, TEXAS  75234**
**972-241-5611**
**1-800-886-8088**

Account Number:  5152110

10/05/2004

***AUTO**ALL FOR AADC 320  7  1  1,188
LYNETTE EDEN     5152110
103 VALLEY RD APT 55
STATESBORO, GA  30458-4763

P-7

RE:  ARCADIA DEFICIENCY PRIME
CASE #:  5152110
BALANCE OWING:  $7,415.73

DEAR LYNETTE EDEN,

Your account with the above referenced creditor is considered "Charged Off" or in "Default".  In reviewing the records of your account, it has been determined that you are unable to pay your account in full as you would desire.

We would like to inform you that you have been approved for an opportunity to "Settle and Pay Off" your account for a great deal less that you actually owe!  You may save **Hundreds and possibly Thousands** of dollars!  Take full advantage of this opportunity now!

However, to participate in this special program you must reply to this office within the next 21 days.  Call **1-800-886-8088** and ask for **Operator 100** now!  For more details and personal assistance, call now!  Don't pass up this tremendous opportunity!

Respectfully,

*Jay P. Guy*

NOTICE:  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This is a communication from a debt collector.

S-1 10/05/2004

---

**PLEASE DETACH AND RETURN THIS PORTION WITH PAYMENT**



RE:  ARCADIA DEFICIENCY PRIME
TOTAL NOW DUE: $7,415.73
CASE #:  5152110

Name: _____

Address: _____

_____

Telephone: (_____) _____-_____

LYNETTE EDEN  5152110
103 VALLEY RD APT 55
STATESBORO, GA 30458-4763

DYNAMIC RECOVERY SERVICES, INC.
P.O. BOX 815808
DALLAS, TX  75381-5808

S-1 (10/05/2004)

**Urgent Communication**

Address Service Requested

February 16, 2005

***COMMERCIAL RECOVERY SYSTEMS, INC***

8035 East R.L. Thorton, Suite 220
P.O. Box 570909
Dallas, TX 75357-0909
(800) 214-7801
(214) 324-9575
Hours: M - F 8am-5pm, CST

PERSONAL & CONFIDENTIAL
Lynette Eden                    2044355
103 Valley Rd Apt 55
Statesboro, GA  30458-4763

IıllllıııllılılılılıllııllllıııllıılılılılIll

**ACCOUNT IDENTIFICATION**
RE: Arcadia Financial Ltd
Account #        : 2044355
Balance Owing  : $7787.59

Your account, as detailed above, has been assigned to COMMERCIAL RECOVERY SYSTEMS for collection. I suggest that you consult with your attorney about what the laws in your state will allow our client to do to recover the monies owed to it and the further consequences of nonpayment.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Important information is found on the back of this notice.

If this debt is not a valid debt of yours or if the account is included in a bankruptcy proceeding, then this notice, and all future notices, are null and void and you should notify us in writing.

*Allison Halpin 1-800-214-7866*

**To credit your account properly, you must include your account # on all checks and correspondence.**

This communication is from a debt collector.
This is an attempt to collect a debt. Any information obtained will be used for this purpose.

- - - - - - - - - - - - - - - - - - - - - - - - - - - Detach and Return with Payment - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Return this portion of the notice with your payment to expedite credit to your account.

| Account #: | 2044355 | Client #: | Afl2000 | Balance Due: | $7787.59 | Amount Enclosed: | $ |
|---|---|---|---|---|---|---|---|

Enter the requested information in the spaces provided below:

From: Lynette Eden                                      Employer: _____

Change of Address: _____        Address: _____

City, State, Zip: _____          City, State, Zip: _____

Telephone: _____        Telephone: _____ Ext _____

2044355 - 240
COMMERCIAL RECOVERY SYSTEMS, INC.
P.O. Box 570909
Dallas, TX 75357-0909

IlııllllıılllılılılllıllılılılıllıılılılılIlIll

P-8

**8035 East R.L. Thornton
Suite 220
Dallas, TX 75228-7005

Address Service Requested**

# Urgent Communication

March 19, 2005

PERSONAL & CONFIDENTIAL
Lynette Eden                              2044355
103 Valley Rd Apt 55
Statesboro, GA  30458-4763

llllllllllllllllllllllllllllllllllllllllllllllllllll

***COMMERCIAL RECOVERY SYSTEMS, INC***

8035 East R.L. Thorton, Suite 220
P.O. Box 570909
Dallas, TX 75357-0909
(800) 214-7801
(214) 324-9575
Hours:  M - F 8am-5pm, CST

<u>**ACCOUNT IDENTIFICATION**</u>
RE: Arcadia Financial Ltd
**Balance Owing**     : $7787.59
Account #            : 2044355

We suggest that you consult with your attorney about what the laws in your state will allow our client to do to recover the monies owed to it and the further consequences of nonpayment.

If you wish to resolve this matter now, mail the above stated balance in the enclosed envelope or call me to discuss repayment of this debt.

Yours Truly,

*Allison Halpin 1-800-214-7866*

| | |
|---|---|
| BEGINNING BALANCE | : $7787.59 |
| TOTAL PAID TO DATE | : $0.00 |
| AMOUNT OF LAST PAYMENT | : $0.00 |
| DATE OF LAST PAYMENT | : |

**To credit your account properly, you must include your account # on all checks and correspondence.**

This communication is from a debt collector.
This is an attempt to collect a debt.  Any information obtained will be used for this purpose.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - Detach and Return with Payment - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Return this portion of the notice with your payment to expedite credit to your account.

| Account #: | 2044355 | Client #: | Afl2000 | Balance Due: | $7787.59 | Amount Enclosed: | $ |
|---|---|---|---|---|---|---|---|

Enter the requested information in the spaces provided below:

From: Lynette Eden                                          Employer: _____

Change of Address: _____    Address: _____

City, State, Zip: _____        City, State, Zip: _____

Telephone: _____             Telephone: _____ Ext _____

2044355 - 240
COMMERCIAL RECOVERY SYSTEMS, INC.
P.O. Box 570909
Dallas, TX 75357-0909

llllllllllllllllllllllllllllllllllllllllllllllllll

**P-9**

T-CARD 003548A 1 465 000508 80 051576 S-CRE

103 Valley Road, Unit 31
Statesboro, Georgia  30458-4759
February 8, 2005

Mr. Steven Caldis
Arcadia Financial, Ltd.
P.O. Box 1100
Minneapolis, Minnesota  55440-1100

Re:  <u>L. Eden vs. Arcadia Financial, Ltd.</u>
     Your Account Number 1071368301

Dear Mr. Caldis:

     Arcadia Financial, Ltd. has not responded to any of my
three previous letters dated June 30, 2004, July 8, 2004 and
September 4, 2004.  What is going on?  I believe that you ought
to give this file a look.

     The violation by Arcadia Financial, Ltd. of the Georgia
Motor Vehicle Sales Finance Act of 1967 precludes it from recov-
ery on any deficiency claim.  It owes Ms. Eden $8,329.18 for its
violation of Official Code of Georgia Annotated §10-1-38(c), the
Georgia Motor Vehicle Sales Finance Act of 1967, $5,441.65 for
its violation of Official Code of Georgia Annotated §11-9-625(c)(2),
the Uniform Commercial Code, and $1,000.00 for its violation of
15 United States Code §1692k(a)(2), the federal Fair Debt Col-
lection Practices Act.

     The earliest applicable statute of limitation is that of
the Fair Debt Collection Practices Act.  It is a limitation of
one year.  That limitation will soon become a factor.  I plan to
refrain from taking any further action on Ms. Eden's behalf
until at least February 18, 2005, but plan to act to protect Ms.
Eden's interests after that time.  I believe that you should
refer this to your claims department or legal department or to
someone familiar with Georgia law.

     Please understand that this letter is written only to give
you an opportunity to address these claims and is not intended
to be a complete statement of Ms. Eden's actionable claims

P-10. p.1

against Arcadia Financial, Ltd.

Respectfully yours,


Charles W. Brannon, Jr.
State Bar of Georgia Number 077450


cc:  Ms. Lynette Tankersley Eden
     Dynamic Recovery Services, Inc.


p-10.p.2

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA,
STATESBORO DIVISION

204 JAN 31  AM 10: 04

CLERK_____
SO. DIST. OF GA.

LYNETTE TANKERSLEY EDEN,      )
                             )
        Plaintiff,           )
                             )
vs.                          )        Case No. CV605-043
                             )
CITIFINANCIAL AUTO,          )
LTD.,                        )
                             )
        Defendant.           )

## DEFENDANT'S RESPONSES TO PLAINTIFF'S
## REQUESTS FOR ADMISSIONS OF FACT AND GENUINENESS OF DOCUMENTS

Defendant CitiFinancial Auto, Ltd. ("CitiFinancial") responds to Plaintiff's First

Requests for Admissions of Fact and Genuineness of Documents ("Plaintiff's Requests") as

follows:

### PRELIMINARY STATEMENT

1.      The following responses are based on information presently available to

CitiFinancial, which CitiFinancial believes to be correct.  Said responses are made without

prejudice to CitiFinancial's right to utilize subsequently discovered facts.  CitiFinancial reserves

the right to supplement its responses to Plaintiff's Requests insofar as supplementation is

allowed or required under the Federal Rules of Civil Procedure.

2.      No incidental or implied admissions of fact by CitiFinancial are made by the

responses below.  The only admissions are express admissions.  The provision of any

information herein does not constitute an admission that such information is relevant to any issue

in this case or is admissible at the trial of this action.  CitiFinancial specifically reserves, and

does not waive, any argument it may have in this action to the admissibility of its responses.

Further, any admission made by CitiFinancial herein is for the purpose of the pending action only and is not an admission by it for any other purpose, nor may it be used against CitiFinancial in any other proceeding. The fact that CitiFinancial has answered part or all of any request is not intended, and shall not be construed, to be a waiver of all or part of any objection to any request made by CitiFinancial.

     3.    The objections asserted by CitiFinancial below are asserted in good faith, based upon counsel's evaluation of CitiFinancial's discovery obligations under the Federal Rules of Civil Procedure. Nevertheless, CitiFinancial offers and stands ready to confer with Plaintiff's counsel in an effort to resolve or narrow to the greatest extent possible any dispute between the parties concerning CitiFinancial's objections.

## GENERAL OBJECTIONS

     1.    CitiFinancial objects to Plaintiff's Requests to the extent that they call for privileged information or documents protected by the attorney/client privilege, the work product doctrine, or any other applicable privilege.

     2.    CitiFinancial objects to Plaintiff's Requests to the extent that they seek to require CitiFinancial to comply with requirements beyond the scope of the Federal Rules of Civil Procedure.

     3.    CitiFinancial objects to Plaintiff's Requests to the extent that they seek information or documents neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

     4.    CitiFinancial objects to Plaintiff's Requests to the extent that they are overly broad and/or unduly burdensome.

5.      CitiFinancial objects to Plaintiff's Requests to the extent that they are so vague as to be incapable of a definite response.

6.      CitiFinancial objects to Plaintiff's Requests to the extent they seek confidential or proprietary information or documents.

7.      CitiFinancial objects to Plaintiff's Requests to the extent that they call for a conclusion of law.

CitiFinancial incorporates the foregoing General Objections into each and every response set forth below.  Subject to and without waiving the foregoing General Objections, CitiFinancial further objects and responds to Plaintiff's Requests as follows:

**Request No. 1:**

That the cash price under both OFFICIAL CODE OF GA. ANN. §§ 10-1-38 and 11-9-625 for the subject sale was $12,788.63.

**RESPONSE:**

CitiFinancial objects to this request on the grounds stated in General Objection No. 7.

Subject to and without waiving the foregoing objections, CitiFinancial denies Request No. 1.

**Request No. 2:**

That the time price differential under both OFFICIAL CODE OF GA. ANN. §§ 10-1-38 and 11-9-625 for the subject loan was $4164.59.

**RESPONSE:**

CitiFinancial objects to this request on the grounds stated in General Objection No. 7.

Subject to and without waiving the foregoing objections, CitiFinancial denies Request No. 2.

**Request No. 3:**

That the attached document marked "P-1" is genuine.

**RESPONSE:**

CitiFinancial admits that the document marked "P-1" appears to be a photocopy of a document Bates labeled CITI 0018 produced by CitiFinancial in connection with CitiFinancial's Response to Initial Disclosures.

**Request No. 4:**

That the attached document marked "P-1" is the contract which is the subject of this civil action.

**RESPONSE:**

CitiFinancial objects to this Request on the grounds stated in General Objection No. 7. Subject to and without waiving the foregoing objections, CitiFinancial incorporates its response to Request No. 3 as if fully set forth herein.  CitiFinancial denies that this contract "is the subject of this civil action." CitiFinancial understands the subject of this action to be the repossession of the automobile financed by the contract denoted as P-1.

**Request No. 5:**

That the subject car was a "consumer good" under OFFICIAL CODE OF GA. ANN. § 11-9-625.

**RESPONSE:**

CitiFinancial objects to this request on the grounds stated in General Objection No. 7.  To the extent any response is required, CitiFinancial denies this request.

**Request No. 6:**

That the notice mandated by OFFICIAL CODE OF GA. ANN. § 10-1-36 was not delivered to the plaintiff.

**RESPONSE:**

CitiFinancial denies Request No. 6.

**Request No. 7:**

That the notice mandated by OFFICIAL CODE OF GA. ANN. § 11-9-611, 614 was not delivered to the plaintiff.

**RESPONSE:**

CitiFinancial denies Request No. 7.

**Request No. 8:**

That the attached document marked "CITI 0054" is genuine.

**RESPONSE:**

CitiFinancial admits Request No. 8.

**Request No. 9:**

That the attached document marked "CITI 0054" is an entry made by the defendant as a memorandum of an occurrence in the regular course of the defendant's business, and it was the regular course of the defendant's business to make the memorandum at the time of the occurrence.

**RESPONSE:**

CitiFinancial admits Request No. 9.

**Request No. 10:**

That the attached document marked "CITI 0054" records that the Postal Service returned the defendant's attempt to comply with OFFICIAL CODE OF GA. ANN. §§ 10-1-36 and 11-9-611, 614 to the defendant and did not deliver the attempt to the plaintiff.

**RESPONSE:**

CitiFinancial denies Request No. 10.

**Request No. 11:**

That the attached document marked "CITI 0054" was not delivered to the plaintiff.

**RESPONSE:**

CitiFinancial denies Request No. 11.

**Request No. 12:**

That the defendant did not make another attempt as to the plaintiff to comply with OFFICIAL CODE OF GA. ANN. §§ 10-1-36 and 11-9-611, 614.

**RESPONSE:**

CitiFinancial denies Request No. 12.

**Request No. 13:**

That the plaintiff has not owed a deficiency or other balance to the defendant since December 14, 2003.

**RESPONSE:**

CitiFinancial denies Request No. 13.

**Request No. 14:**

That the defendant pursued a deficiency claim against the plaintiff beginning no later than March 17, 2004.

**RESPONSE:**

CitiFinancial objects to this request on the grounds stated in General Objection No. 7. To the extent any response is required, CitiFinancial states that there was a deficiency upon the disposition of the subject automobile, that Plaintiff was properly, adequately, and lawfully informed of the deficiency, and that she has stubbornly and litigiously refused to pay the deficiency, compelling CitiFinancial to file a counterclaim in this action.

**Request No. 15:**

That the attached document marked "P-2" is genuine.

**RESPONSE:**

CitiFinancial admits that the document marked "P-2" appears to be a photocopy of a

document Bates labeled CITI 0001 produced by CitiFinancial in connection with CitiFinancial's

Response to Initial Disclosures.

**Request No. 16:**

That the attached document marked "P-2" is an entry made by the defendant as a memorandum of mailing the document's original to the plaintiff in the regular course of the defendant's business, and it was the regular course of the defendant's business to make the memorandum at the time of mailing.

**RESPONSE:**

CitiFinancial states that the referenced letter was generated, sent, and maintained in the

regular course of CitiFinancial's business.

**Request No. 17:**

That the attached document marked "P-2" is pursuit of a deficiency claim against the plaintiff by the defendant.

**RESPONSE:**

CitiFinancial objects to this request on the grounds stated in General Objection No. 7.  To

the extent any further response is required, CitiFinancial states that the purpose of the referenced

letter was to explain the amount and calculation of the deficiency Plaintiff owes to CitiFinancial.

**Request No. 18:**

That the defendant was notified in April, 2004 that a lawyer represented the plaintiff.

**RESPONSE:**

CitiFinancial denies Request No. 18.

**Request No. 19:**

That the attached document marked "P-3" is genuine.

**RESPONSE:**

CitiFinancial denies Request No. 19.

**Request No. 20:**

That the defendant was notified in May, 2004 that a lawyer represented the plaintiff.

**RESPONSE:**

CitiFinancial denies Request No. 20.

**Request No. 21:**

That the defendant received the attached document marked "P-3".

**RESPONSE:**

CitiFinancial denies Request No. 21.

**Request No. 22:**

That the defendant was notified June 30, 2004 that the plaintiff was represented by a lawyer.

**RESPONSE:**

CitiFinancial denies Request No. 22.

**Request No. 23:**

That the attached document marked "P-4" is genuine.

**RESPONSE:**

CitiFinancial denies Request No. 23.

**Request No. 24:**

That the defendant received the attached document marked "P-4".

**RESPONSE:**

CitiFinancial denies Request No. 24.

**Request No. 25:**

That the defendant was notified July 8, 2004 that the plaintiff was represented by a lawyer.

**RESPONSE:**

CitiFinancial denies Request No. 25.

**Request No. 26:**

That the attached document marked "P-5" is genuine.

**RESPONSE:**

CitiFinancial states that it is neither the author nor the sender of the document marked "P-5." Therefore, CitiFinancial is without knowledge sufficient to form a belief as to the genuineness of this document.

**Request No. 27:**

That the defendant received the attached document marked "P-5".

**RESPONSE:**

CitiFinancial denies Request No. 28.

**Request No. 28:**

That the defendant hired Dynamic Recovery Services, Inc. to attempt to collect the defendant's purported claim from the plaintiff.

**RESPONSE:**

CitiFinancial objects to this request on the grounds stated in General Objection No. 5. As stated, CitiFinancial denies Request No. 28. CitiFinancial did refer this account to Dynamic Recovery Services, Inc. for purposes of collection.

**Request No. 29:**

That Dynamic Recovery Services, Inc. was a "debt collector" under 15 U.S.C.A. § 1692(a)(6) in regard to its actions pertinent to this civil action.

**RESPONSE:**

CitiFinancial objects to this request on the grounds stated in General Objection No. 7.

**Request No. 30:**

That Dynamic Recovery Services, Inc. acted as the defendant's agent when it contacted the plaintiff.

**RESPONSE:**

CitiFinancial denies Request No. 30.

**Request No. 31:**

That Dynamic Recovery Services, Inc. contacted the plaintiff August 9, 2004.

**RESPONSE:**

After making a reasonable inquiry, the information known or readily available to CitiFinancial at this time is insufficient to enable CitiFinancial to either admit or deny Request No. 31.

**Request No. 32:**

That the attached document marked "P-6" is genuine.

**RESPONSE:**

CitiFinancial states that it is neither the author nor recipient of the document marked "P-6." After making a reasonable inquiry, the information known or readily available to CitiFinancial at this time is insufficient to enable CitiFinancial to either admit or deny Request No. 32.

**Request No. 33:**

That the sending of the attached document marked "P-6" violated the Fair Debt Collection Practices Act.

**RESPONSE:**

CitiFinancial objects to this request on the grounds stated in General Objection No. 7.  To the extent any further response is required, CitiFinancial denies this request.

**Request No. 34:**

That Dynamic Recovery Services, Inc. contacted the plaintiff October 5, 2004.

**RESPONSE:**

After making a reasonable inquiry, the information known or readily available to CitiFinancial at this time is insufficient to enable CitiFinancial to either admit or deny Request No. 34.

**Request No. 35:**

That the attached document marked "P-7" is genuine.

**RESPONSE:**

CitiFinancial states that it is neither the author nor recipient of the document marked "P-7." After making a reasonable inquiry, the information known or readily available to CitiFinancial at this time is insufficient to enable CitiFinancial to either admit or deny Request No. 32.

**Request No. 36:**

That the sending of the attached document marked "P-7" violated the Fair Debt Collection Practices Act.

**RESPONSE:**

CitiFinancial objects to this request on the grounds stated in General Objection No. 7. To

the extent any further response is required, CitiFinancial denies this request.

**Request No. 37:**

That the defendant hired Commercial Recovery Systems, Inc. to attempt to collect the defendant's purported claim from the plaintiff.

**RESPONSE:**

CitiFinancial objects to this request on the grounds stated in General Objection No. 5. As

stated, CitiFinancial denies Request No. 37. CitiFinancial did refer this account to Commercial

Recovery Systems, Inc. for purposes of collection.

**Request No. 38:**

That Commercial Recovery Systems, Inc. was a "debt collector" under 15 U.S.C.A. § 1692a(6) in regard to its actions pertinent to this civil action.

**RESPONSE:**

CitiFinancial objects to this request on the grounds stated in General Objection No. 7.

**Request No. 39:**

That Commercial Recovery Systems, Inc. was the defendant's agent for the purpose of attempting to collect the defendant's purported claim from the plaintiff.

**RESPONSE:**

CitiFinancial denies Request No. 39.

**Request No. 40:**

That Commercial Recovery Systems, Inc. contacted the plaintiff [on] February 16, 2005.

**RESPONSE:**

After making a reasonable inquiry, the information known or readily available to

CitiFinancial at this time is insufficient to enable CitiFinancial to either admit or deny Request

No. 40.

**Request No. 41:**

That the attached document marked "P-8" is genuine.

**RESPONSE:**

CitiFinancial states that it is neither the author nor recipient of the document marked "P-

8." After making a reasonable inquiry, the information known or readily available to

CitiFinancial at this time is insufficient to enable CitiFinancial to either admit or deny Request

No. 41.

**Request No. 42:**

That the sending of the attached document marked "P-8" violated the Fair Debt
Collection Practices Act.

**RESPONSE:**

CitiFinancial objects to this request on the grounds stated in General Objection No. 7. To

the extent any further response is required, CitiFinancial denies this request.

**Request No. 43:**

That Commercial Recovery Systems, Inc. contacted the plaintiff March 19, 2005.

**RESPONSE:**

After making a reasonable inquiry, the information known or readily available to

CitiFinancial at this time is insufficient to enable CitiFinancial to either admit or deny Request

No. 43.

**Request No. 44:**

That the attached document marked "P-9" is genuine.

**RESPONSE:**

CitiFinancial states that it is neither the author nor recipient of the document marked "P-9." After making a reasonable inquiry, the information known or readily available to CitiFinancial at this time is insufficient to enable CitiFinancial to either admit or deny Request No. 44.

**Request No. 45:**

That the sending of the attached document marked "P-9" violated the Fair Debt Collection Practices Act.

**RESPONSE:**

CitiFinancial objects to this request on the grounds stated in General Objection No. 7. To the extent any further response is required, CitiFinancial denies this request.

**Request No. 46:**

That the attached document marked "P-10" is genuine.

**RESPONSE:**

CitiFinancial denies Request No. 46.

**Request No. 47:**

That the defendant received the attached document marked "P-10".

**RESPONSE:**

CitiFinancial denies Request No. 47.

**Request No. 48:**

That the defendant reported a credit history about the plaintiff to credit reporting agencies.

**RESPONSE:**

CitiFinancial denies Request No. 48. CitiFinancial did furnish credit information concerning the subject account to credit reporting agencies.

**Request No. 49:**

That when the defendant reported a credit history about the plaintiff to credit reporting agencies, each report was a publication.

**RESPONSE:**

CitiFinancial objects to this request on the grounds stated in General Objection Nos. 5 and 7. To the extent any further response is required, CitiFinancial denies this request.

**Request No. 50:**

That when the defendant reported a credit history about the plaintiff to credit reporting agencies, the defendant intended to affect the plaintiff's credit record.

**RESPONSE:**

CitiFinancial denies Request No. 50.

This 21st day of October, 2005.

A. William Loeffler
Georgia Bar No. 755699
Bryony H. Bowers
Georgia Bar No. 070393

TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
(404) 885-3000
(404) 885-3900

Counsel for Defendant
CitiFinancial Auto, Ltd.

## CERTIFICATE OF SERVICE

I have this day served the foregoing Defendant's Responses to Plaintiff's First Requests

for Admissions of Fact and Genuineness of Documents upon all parties by depositing a copy in

the United States Mail in a properly addressed envelope with adequate postage thereon:

> Charles W. Brannon, Jr., Esq.
> 103 Valley Road, #31
> Statesboro, Georgia 30458-4759

This 21st day of October, 2005.

A. William Loeffler