FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 APR 11   AM 11: 07

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA,
STATESBORO DIVISION

LYNETTE TANKERSLEY EDEN,       )
                               )
        Plaintiff,             )
                               )
vs.                            )        Case No. CV605-043
                               )
CITIFINANCIAL AUTO,            )
LTD.,                          )
                               )
        Defendant.             )

## Plaintiff's Supplemental Memorandum of Law in Support of Motion for Partial Summary Judgment

This memorandum addresses one issue: whether either actual damage or reliance is needed for statutory damages under either the U.C.C. or the Motor Vehicle Sales Finance Act?

The case involves the repossession of a car. The plaintiff Eden filed causes of action for violations of the U.C.C. and the Motor Vehicle Sales Finance Act. The defendant CitiFinancial Auto, Ltd. counterclaimed for a deficiency. Ms. Eden moved for summary judgment on each of these three causes of action. These statutes require a repossessing creditor to notify its borrower of, among many other things, her right of redemption. OFFICIAL CODE OF GA. ANN. §§10-1-36, 11-9-614. The defendant argued, among many other things, that neither her co-borrower nor she were capable of redeeming the car so that a

*42*

failure to provide notice does not matter, that such failure is not even material.  It argued "no harm, no foul", that there was neither damage nor reliance so that there cannot be a recovery under the U.C.C.  (Doc. 33, §I.B, p. 9)

(The effect under the Motor Vehicle Sales Finance Act was not mentioned.  It is considered herein.)

The complete text of the argument said,

> Plaintiff also concedes that at the time of the repossession and subsequent auction of the car, she had no means to redeem the car.  [L. Eden Dep., pp. 62-63, 66-67, 71-72]  Ramsey Eden similarly concedes that he had no means to redeem the car.  [R. Eden Dep., p. 46]  Because neither she nor Ramsey Eden had any means to redeem the car, Plaintiff suffered no damages as a result of her alleged ignorance of the auction.

(Doc. 33, §I.B, p. 9)

The argument is wrong, but by raising it the defendant suggests a potentially important issue.  If accepted the argument would protect the defendant from liability under the Uniform Commercial Code, and although the issue was not raised, the same argument might allow it to escape liability under the Motor Vehicle Sales Finance Act and also enable recovery of the alleged deficiency, all completely notwithstanding whether notice was given.

Must Ms. Eden prove either damage or reliance?

Subsection (b) is the U.C.C. actual damage provision.  OFFICIAL CODE OF GA. ANN. §11-9-625(b).

Then subsection (c) goes on to say that "in any event" the ten per cent formula applies:

-2-

> If the collateral is consumer goods, a person that
> was a debtor . . . at the time a secured party
> failed to comply with this part may recover for
> that failure in any event an amount <u>not less than</u>
> the credit service charge plus 10 percent of the
> principal amount of the obligation or the time
> price differential plus 10 percent of the cash
> price.

OFFICIAL CODE OF GA. ANN. §11-9-625(c)(2) (<u>emphasis supplied</u>).

This subsection's purposes are protection and enforcement:

"The purpose of imposing such civil liability[1] upon cred-

itors is to force compliance with the protective provis-

ions . . .  To deny [Ms. Eden] 'right to recover' would be to

undercut the effectiveness of the act without apparently fur-

thering other policies." <u>Merchandise National Bank vs. Scanlon</u>,

86 Ill. App. 719 at 723, 408 N.E. 2d 248 at 251, 1980 Ill. App.

Lexis 3302 (1980).[2]

The "statutory penalty is evidence of the legislature's

recognition that the small amount of compensatory damages that

may be proven in a consumer goods repossession and sale would be

insufficient to ensure creditor compliance with the Code's prov-

isions." <u>Crane vs. Citicorp National Services, Inc.</u>, 313 S.C.

----

[1]The Georgia statute and the Illinois statute are identic-
al.  <u>Compare</u> OFFICIAL CODE OF GA. ANN. §11-9-625(c)(2) <u>with</u> 810
ILL. COMP. STAT. 5/9-625(c)(2).

[2]"It is axiomatic that a purpose in enacting uniform laws
is to achieve conformity, not uniqueness.  While opinions by
courts of sister states construing a uniform act are not binding
upon this court, we are mindful that the objective of uniformity
cannot be achieved by ignoring utterances of other jurisdic-
tions." <u>Holiday Inns, Inc. vs. Olsen</u>, 692 S.W. 2d 850 at 853
(Tenn. App. 1985).  <u>See also Seaboard Air Line Railway Co. vs.
Fountain</u>, 173 Ga. 593, 160 S.E. 789 (1931).

70, 437 S.E. 2d 50 at 53 (1993)[3]

> Since self-help repossession is a harsh remedy,
> strict application of the law is necessary to pre-
> vent abuse and to discourage illegal conduct which
> would often go undetected due to the consumer's
> lack of knowledge.

Steichen vs. First Bank Grand, 372 N.W. 2d 768 at 773 (Minn.

App. 1985).[4]

The holdings of the Georgia Court of Appeals are complete-

ly consistent with this legislative intent:

> Even if the consumer debtor does not prove a specific
> monetary loss but proves that the creditor did not
> comply with the statute, the debtor is entitled to
> recover the finance charge plus 10 percent of the
> principal amount of the contract if he or she proves
> those figures.

Ogletree vs. Brokers South, Inc., 192 Ga. App. 53 at 55, 383

S.E. 2d 900 at 902 (1989).  Accord Georgia Central Credit Union

vs. Coleman, 155 Ga. App. 547 at 549, 271 S.E. 2d 681 at 684

(1980) ("no evidence was shown of any loss to which the [consum-

er] was entitled"); U.C.C. §9-625 official cmt. 4, Minimum Dam-

ages in Consumer-Goods Transactions, 3 UNIFORM LAWS ANNOTATED

560 (2000) ("Subsection (c)(2) provides a minimum, statutory,

damage recovery for a debtor . . . in a consumer-goods transact-

---

[3]The Georgia statute and the South Carolina statute are
identical except for stylistic changes.  Compare OFFICIAL CODE
OF GA. ANN. §11-9-625(c)(2) with S.C. CODE §36-9-625(c)(2).

[4]The Georgia statute and the Minnesota statute are identi-
cal.  Compare OFFICIAL CODE OF GA. ANN. §11-9-625(c)(2) with
MINN. STAT. §336.9-625(c)(2).

ion . . . and is designed to ensure that every noncompliance
with the requirements of part 6 in a consumer goods transaction
results in liability, regardless of any injury that may have re-
sulted.")[5]; 3 Stephen M. Flanagan, UNIFORM COMMERCIAL CODE
§9:426 (4th ed. 2005); 11 Ronald Anderson & Lary Lawrence, UNIF-
ORM COMMERCIAL CODE §9-625:7 (3d ed., rev. vol. 1999).

Actual damage is not required.  Neither is reliance.

CitiFinancial argued as if it prejudiced only the right of
redemption, but when a repossessing creditor chooses not to not-
ify its borrower, more than the right of redemption is neglect-
ed.  She has the right to know whether the creditor will pursue
a deficiency.  She has the right to a description of her liabil-
ity for that deficiency.  She has the right to know the method
of retail.  She has the right to a public retail.  She has the
right to know the time of retail, even if private.  She has the
right to an accounting of the unpaid debt.  She has the right to
a description of the collateral.  She has the right to know
where she can get additional information.  OFFICIAL CODE OF GA.
ANN. §§ 10-1-36, 11-9-613(1), 614.

A repossessing creditor must notify its borrower of all
her rights, <u>Georgia Central Credit Union vs. Coleman</u>, 155 Ga.
App. 547, 271 S.E. 2d 681 (1980), so notice is about more than

---

[5]"In order to determine the meaning and purpose behind the
enactment of a Georgia Commercial Code provision that is taken
verbatim from the UCC, we turn to the UCC Official Comments for
assistance." <u>Metzger vs. Americredit Financial Services, Inc.</u>,
273 Ga. App. 453 at 457, 615 S.E. 2d 120 at 124 (2005).

redemption.

"The purpose of this notification is to give the debtor an opportunity to discharge the debt, arrange for a friendly purchaser, or to see that it is conducted in a commercially reasonable manner." S.M.S. Financial, L.L.C. vs. Abco Homes, Inc., 167 F.3d 235 at 242, 1999 U.S. App. Lexis 2462 (5th Cir. 1999) (Texas law). Accord Federal Deposit Insurance Corp. vs. Lanier, 926 F.2d 462, 1991 U.S. App. Lexis 4179 (5th Cir. 1991) (Texas law); Fedders Corp. vs. Taylor, 473 F.Supp. 961, 1979 U.S. Dist. Lexis 12006 (D.Minn. 1979) (Minnesota law); James White & Robert Summers, UNIFORM COMMERCIAL CODE §34-13 (1995).[6]

> Particularly the last two of these purposes serve the
> ultimate goal of allowing the debtor to maximize the
> sale price of the collateral and, thus, minimize any
> deficiency for which he will be liable.

Rushton vs. Shea, 423 F.Supp. 468 at 469, 470, 1976 U.S. Dist. Lexis 12317 (D.Del.1976) (Delaware law).[7]

In Chisolm vs. Transouth Financial Corp, another CitiFinancial subsidiary "maintains that a showing is required that each plaintiff relied on the misrepresentations . . ."  The federal court in Norfolk disagreed.

_____

[6]The Georgia statute, the Texas statute, and the Minnesota statute are identical except for stylistic changes.  Compare OFFICIAL CODE OF GA. ANN. §§11-9-613(1), 614 with TEX. BUS. & COM. CODE ANN. §§9.613(1), 9.614 and MINN. STAT. §§336.9-613(1), 614.

[7]The Georgia statute and the Delaware statute are identical except for punctuation.  Compare OFFICIAL CODE OF GA. ANN. §§11-9-613(1), 614 with DEL. CODE ANN., tit. 6, §§9-613(1),614.

An examination of the statutory remedies provis-
ion . . . does not indicate a reliance element. [fn.]
Other states that have implemented Article 9 of the
Uniform Commercial Code conclude that to recover a
debtor need only demonstrate a creditor's failure to
comply with the code's requirements . . .  This con-
clusion is supported by the language of [the U.C.C.]
itself, stating that the section is invoked when 'it
is established that the secured party is not proceed-
ing in accordance with the provisions of this
part' . . .  The Court is persuaded that the drafters
of the Uniform Commercial Code did not intend to
place a burden upon debtors, but instead intended to
police lenders under Article 9 . . .  In the absence
of any indication from the statute and given the gen-
eral predisposition of courts to read the . . . Unif-
orm Commercial Code liberally [cit.] the Court de-
clines to adopt the Defendant's reading of the stat-
ute as to reliance . . .  [T]hose seeking recovery
under the statutory minimum provision need not show
actual damages.

Chisolm vs. Transouth Financial Corp., 194 F.R.D. 538 at 550,

551, 2000 U.S. Dist. Lexis 8389 (E.D. Va. 2000) (emphasis sup-

lied) (Virginia law).  Accord Wilmington Trust Co. vs. Conner,

415 A.2d 773 at 781, 1980 Del. Lexis 387 (Del. 1980) ("the lend-

er enjoys a position of domination and control and the consumer-

debtor is in a subordinate position in need of the protect-

ion").[8]

   "Thus, other than proof that the secured party's conduct

was inconsistent with the Uniform Commercial Code, the debtor

need only prove the terms of the transaction." Davenport vs.

Chrysler Credit Corp., 818 S.W. 2d 23 at 32, 1991 Tenn. App.

_____

   [8]The Georgia statute, the Virginia statute and the Delaware
statute are identical except for punctuation and stylistic chan-
ges.  Compare OFFICIAL CODE OF GA. ANN. §11-9-625(c)(2) with VA.
CODE ANN. §8.9A-625(c)(2) and DEL. CODE ANN., tit. 6, §9-
625(c)(2).

Lexis 331 (Tenn. App.).[9]

**Erratum.**  I made a mistake in the reply to the defendant's re-
sponse to the plaintiff's summary judgment motion.  (Doc. 40)

    The Motor Vehicle Sales Finance Act requires a lender
to say whether it has "intention to pursue a deficiency claim
against the buyer."  OFFICIAL CODE OF GA. ANN. §10-1-36.

    The defendant said that it complied by saying about a
deficiency only that "you may still owe us the difference."
(Doc. 32, Exhibits E and F)

    The plaintiff said that this meant that CitiFinancial
Auto, Ltd. had chosen a notice form that failed to state "inten-
tion to pursue a deficiency claim against the buyer", _ibid_, so
that (1) the notice form, even had it been properly mailed, was
insufficient from the beginning and (2) the defendant's use of
this notice form was "a willful violation of this article".  OF-
FICIAL CODE OF GA. ANN. §10-1-38(c).

    About this I wrote, "To suggest that the creditor might
or might not pursue a deficiency lulls the buyer into activity
in the hope that the deficiency 'might' not be pursued."  (Doc.
40, p. 9)

    I meant  to say:  To suggest that the creditor might or

_____

    [9]The Georgia statute and the Tennessee statute are id-
entical except for stylistic changes.  Compare OFFICIAL CODE OF
GA. ANN. §11-9-625(c)(2) _with_ TENN. CODE ANN. §47-9-625(c)(2).

might not pursue a deficiency lulls the buyer into <u>inactivity</u> in
the hope that the deficiency "might" not be pursued.

Charles W. Brannon, Jr.
Attorney for plaintiff
  Lynette Tankersley Eden
State Bar of Georgia Number 077450


103 Valley Road, #31
Statesboro, Georgia   30458-4759
912-489-6830

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA,
STATESBORO DIVISION

LYNETTE TANKERSLEY EDEN,          )
                                  )
      Plaintiff,                  )
                                  )
vs.                               )     Case No. CV605-043
                                  )
CITIFINANCIAL AUTO,               )
LTD.,                             )
                                  )
      Defendant.                  )

### CERTIFICATE OF SERVICE

I certify that I have today served the defendant CitiFinancial Auto, Ltd. with a copy of the attached Plaintiff's Supplemental Memorandum of Law in Support of Motion for Partial Summary by posting it with the United States Postal Service with adequate first class postage thereon and addressed as follows:

Mr. William Loeffler
Troutman, Sanders, L.L.P.
Suite 5200
Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2276

This eighth day of April, 2006.

Charles W. Brannon, Jr.
Attorney for plaintiff
State Bar of Georgia Number 077450